UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE FRANK WHITEHEAD, JR.,

    Plaintiff,

v.        Case No. 4:19cv170-MW-HTC

FLORIDA SECRETARY OF STATE,

    Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (ECF Doc. 4), and motion to proceed *in forma pauperis*[1] (ECF Doc. 5). After reviewing Plaintiff's amended complaint and litigation history, the undersigned concludes this case should be dismissed without prejudice because Plaintiff is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), and the complaint constitutes an abuse of the judicial process.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

---

[1] The motion is deficient because it does not include a financial certificate signed by an authorized prison official or a printout reflecting transactions in Plaintiff's inmate trust account for the six (6) months preceding the filing of the complaint.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The Court takes judicial notice of at least four (4) federal civil actions filed by Plaintiff, while incarcerated, which were dismissed for failure to state a claim. *See Whitehead v. Sec'y, Fla. Dep't of Corr.*, M.D. Fla. Case No. 2:10cv176-CEH-SPC; *Whitehead v. Roger*, M.D. Fla. Case No. 8:14cv1060-JSM-EAJ; *Whitehead v. Alcott*, M.D. Fla. Case No. 8:14cv2330-CEH-TGW; *Whitehead v. Sec'y, State of Fla.*, M.D.

Fla. Case No. 6:19cv539-PGB-TBS. All the qualifying dismissals were entered before Plaintiff's filing of this lawsuit.

Because Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's amended complaint names one Defendant, the Florida Secretary of State, and alleges: (1) Wakulla Correctional Institution is not being repaired; (2) bugs are biting him when he sleeps; (3) the toothpaste he uses causes bleeding gums, broken teeth and cut lips; (4) chemical agents cause blindness and "could cause blood press [*sic*] to rush to the brain"; (5) he has been imprisoned past the expiration of his sentence and without jurisdiction; and (6) on May 1, 2019, prison officials at Wakulla Correctional Institution set Plaintiff up to be stabbed.

Accepting the non-conclusory allegations of Plaintiff's amended complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury.[2] First, the allegations regarding the toothpaste are too fantastical to be given credence. Second, the allegations about the length and basis for Plaintiff's sentence are not cognizable in a § 1983 action and must be raised in a habeas petition. Third, the allegations concerning the May 2019 incident are conclusory; the incident

---

[2] The amended complaint fails to state a claim against the only named Defendant because Plaintiff does not allege the Florida Secretary of State personally participated in any of the alleged acts and does not allege facts supporting supervisor liability.

Case No. 4:19cv170-MW-HTC

also occurred after the filing of this case, which means Plaintiff could not have exhausted his administrative remedies before bringing this action. Finally, the allegations concerning building repairs, bugs and chemical agents are not detailed enough to establish Plaintiff is in imminent danger of *serious* physical injury. For example, there are no allegations indicating chemical agents are likely to be used on Plaintiff in the future. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]").

Notably, Plaintiff's initial and amended complaints were filed when he was incarcerated at Wakulla Correctional Institution. According to the Florida Department of Corrections' website, Plaintiff has been transferred and is now confined at the Central Florida Reception Center. This transfer undermines any attempt to satisfy the imminent danger exception to 28 U.S.C. § 1915(g). *See Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) ("Owens was transferred out of Okaloosa CI after filing his complaint. Accordingly, even if he had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed."). Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed under § 1915(g).

Case No. 4:19cv170-MW-HTC

In addition, Plaintiff's amended complaint is malicious because it constitutes an abuse of the judicial process. "[I]n a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). On page four of the civil rights complaint form, Section IV, Previous Lawsuits, are two questions. Question (C) asks, "Have you initiated other actions . . . in **either state or federal court** that related to the fact or manner of your incarceration . . . or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Question (D) asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" ECF Doc. 4 at 4. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Questions (C) and (D), Plaintiff marked "Yes." He disclosed M.D. Fla. Case No. 8:14cv2330-CEH-TGW in response to Question (C) and M.D. Fla. Case No. 8:14cv1060-JSM-EAJ in response to Question (D). At the end of the complaint, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" ECF Doc. 4 at 7. Thus, Plaintiff has in effect

stated that at the time he filed the amended complaint, he had previously filed only two federal cases that are responsive to Questions (C) and (D). The amended complaint was signed and submitted to prison officials for mailing on May 1, 2019.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the Court's jurisdiction. In light of 28 U.S.C. § 1915(g), the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

As described above, at the time Plaintiff filed the amended complaint in this case, he had initiated at least three (3) other actions that required disclosure in response to Question (D), including one dismissed as recently as March 2019.[3] Furthermore, Plaintiff failed to disclose additional cases that were dismissed before service and thus responsive to Question (D). *See Whitehead v. Santa Rosa Corr. Inst.*, N.D. Fla. Case No. 3:11cv119-LC-CJK (dismissed before service due to Plaintiff's failure to prosecute and failure to comply with court orders); *Whitehead*

---

[3] Although Plaintiff disclosed M.D. Fla. Case No. 8:14cv2330-CEH-TGW in response to Question (C), he did not indicate it was responsive to Question (D) or dismissed for failure to state a claim.

Case No. 4:19cv170-MW-HTC

*v. Scott*, N.D. Fla. Case No. 3:12cv180-MCR-EMT (voluntarily dismissed before service by Plaintiff); *Whitehead v. Sec'y, Fla. Dep't of Corr.*, M.D. Fla. Case No. 2:10cv303-CEH-SPC (dismissed before service due to Plaintiff's failure to comply with a court order). Plaintiff did not disclose these prior federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters such as this pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."[4] ECF Doc. 4 at 3. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished. An

---

[4] Plaintiff did not indicate he was unsure about his litigation history.

Case No. 4:19cv170-MW-HTC

appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, Case No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

Accordingly, it is ORDERED:

1. The clerk shall update Plaintiff's address to: Central Florida Reception Center, 7000 H C Kelley Road, Orlando, Florida 32831-2518.

And it is respectfully RECOMMENDED:

1. That Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 5) be DENIED.

2. That this case be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of May, 2019.

                           */s/ Hope Thai Cannon*
                           **HOPE THAI CANNON**
                           **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.